ORDERED ACCORDINGLY.

Dated: February 14, 2020



Brenda K. Martin, Bankruptcy Judge

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CHARLES KENNETH NIELSON<br><br><br>Defendant | CHAPTER 13<br><br>CASE NO. 2-19-BK-11414-BKM<br><br>**STIPULATED ORDER CONFIRMING FIRST CHAPTER 13 PLAN** |

The Chapter 13 First Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the First Plan ("Plan") of the Debtors as follows:

(A) INCOME SUBMITTED TO THE PLAN. Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-60 | $675 |

The payments are due on or before the <u>7th day</u> of each month commencing <u>October 7, 2019.</u> Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

In re Nielson
Case No. 2-19-BK-11414-BKM

The Debtors shall provide to the Trustee copies of their federal and state income tax returns for post-petition years 2019 - 2023 within 14 days of filing them.

(2) Other Property. The Debtor shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2019 through 2023, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order

(1) Administrative expenses:

Attorney Fees. Tom McAvity, shall be allowed total compensation of $4,500. Counsel received $49 prior to filing this case and will be paid $4,451 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property: None.

(3) Claims Secured by Personal Property:

    (a) Credit Union West, secured by a lien in a 2018 Mitsubishi Outlander Sport, shall be paid a secured claim of $27,033.65 with 5.99% interest. The creditor will receive adequate protection payments of $270.33 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

    (a) None.

(5) Surrendered Property.

    (a) None.

(6) Other Provisions:

    (a) None.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of

In re Nielson
Case No. 2-19-BK-11414-BKM

the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown

Russell Brown
2020.02.13 18:02:45
-07'00'

_____
Tom McAvity
Attorney for Debtor

_____
Bradley J. Stevens
Attorney for Credit Union West.

The Debtor certifies: All required State and Federal Income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Charles Kenneth Nielson
Debtor

In re Nielson
Case No. 2-19-BK-11414-BKM

the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee

_____
Tom McAvity
Attorney for Debtor

_____
Bradley J. Stevens
Attorney for Credit Union West.

The Debtor certifies: All required State and Federal Income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Charles Kenneth Nielson
Debtor

In re Nielson
Case No. 2-19-BK-11414-BKM